**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TONJIA C. WINGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:07-CV-468-TS |
| ) | |
| PIZZA HUT, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Pro se Plaintiff Tonjia Wingo filed a civil complaint (DE 1) alleging that Defendant James Adams, the manager of the Pizza Hut at 5113 Western Avenue, South Bend, Indiana, and a crew member named Kristen violated his federally protected rights by delaying several minutes before attempting to serve him. The Plaintiff does not identify the source of his claim, but the Court construes this action as a claim pursuant to 42 U.S.C. § 1981, which addresses racial discrimination in contractual relationships, or as a claim pursuant to 42 U.S.C. § 2000a, which addresses discriminatory denial of access to facilities ostensibly open to the general public. The Plaintiff seeks three million dollars in damages. He also seeks leave to proceed *in forma pauperis.*

Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), federal courts are authorized to dismiss a claim filed *in forma pauperis* at any time if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant.

> [While a complaint] does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

According to the complaint, the Plaintiff entered Pizza Hut at 7:45 p.m. on August 6, 2007, and inquired of Defendant Adams as to the cost of a two liter drink. Adams informed the Plaintiff of the drink's price and then "proceeded on with some other task in the back of the store." (Compl. 1.) The Plaintiff then received a call on his cell phone and engaged in a conversation for three minutes. Adams then walked to the front of the store and the Plaintiff "informed James Adams that [the Plaintiff] had not place[d] an order, and had been standing there for ten minutes waiting to be service[d]." (Compl. at 1.)

The conversation between the Plaintiff and Adams degenerated into an argument, and "James Adams got frustrated and walked off . . . and said to Kristen (a crew worker) if she wanted to handle me." (Compl. at 1.) She responded "yes," but when she attempted to take the Plaintiff's order, he engaged her in conversation until she got "frustrated like James Adams and [said], 'do you want to order some food or not.'" (Compl. at 1.) Instead of ordering food, the Plaintiff asked Kristen what was wrong with her. Adams returned to the counter, and the dialogue between Adams and the Plaintiff degenerated further, concluding with each of them threatening to call the police on the other. When Adams began dialing the phone, "I (Mr. Wingo) leave the store [at] 8:05 p.m." (Compl. at 2.) The Plaintiff believes he was treated poorly because he is black.

To establish a claim under § 1981, the Plaintiff must show that (1) he is a member of a racial minority; (2) the Defendants had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e. the making and enforcing of a contract). *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). A plaintiff who was not denied admittance or service states no claim under § 1981. *Id.* at 414

(citing *Robertson v. Burger King, Inc.*, 848 F.Supp. 78, 81 (E.D.La. 1994) (dismissing claim where "plaintiff was not denied admittance or service")); *Stearns v. Baur's Opera House, Inc.*, 788 F.Supp. 375, 378 (C.D. Ill. 1992) (patron provided no evidence that the manager "refused Plaintiff *admittance* to the bar or *service* while he was there").

The complaint suggests that the Pizza Hut crew may not have been as diligent in serving the Plaintiff as he wished, and the manager may have been too willing to argue with the Plaintiff. But the complaint itself also establishes that the Defendants did not refuse to serve the Plaintiff. The complaint alleges that Kristen attempted to take the Plaintiff's order. Instead, the Plaintiff apparently continued to argue, and when Kristen pointedly asked him "do you want to order some food or not," the complaint alleges that the Plaintiff responded with further argument instead of a food order. The Plaintiff does not make the necessary allegations under the third prong of the § 1981 test because the complaint itself establishes that the Defendants did not refuse him admittance or service.

The Plaintiff may have intended to bring his claim pursuant to § 2000a, which covers allegations of discrimination at establishments, such as Pizza Hut, which are "principally engaged in selling food for consumption on the premises." 42 U.S.C. § 2000a(b). Had the Defendants denied the Plaintiff service, he may have stated a claim against them under § 2000a. But the complaint establishes that the Defendants did not refuse to serve the Plaintiff. Rather, the complaint alleges that Adams asked Kristen if she wanted to handle the Plaintiff's order, and she unsuccessfully attempted to obtain an order from him. When the Plaintiff fulminated against Kristin she asked him "do you want to order some food or not?" Instead of ordering food, the Plaintiff continued to argue with the staff.

Section § 2000a was intended to eliminate the denial of access to facilities ostensibly open to the general public. It was not intended to adjudicate arguments between restaurant staff

3

and patrons in the absence of a refusal to serve. By alleging that the staff did in fact attempt to serve the Plaintiff, the Plaintiff has pled himself out of Court. The Plaintiff's three million dollar lawsuit for a seven minute wait at a restaurant does not belong in federal court and must accordingly be dismissed.

For the foregoing reasons, the Court DENIES the Plaintiff's motion for leave to proceed *in forma pauperis* (DE 2), and DISMISSES this complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii).

SO ORDERED on November 14, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION