**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| TONJIA C. WINGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 3:07-CV-468-TLS |
| | ) | |
| PIZZA HUT, JAMES ADAMS, | ) | |
| Restaurant General Manager, and | ) | |
| KRISTEN, Crew Worker, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This is a case in which the *pro se* Plaintiff has sued Pizza Hut and two of its employees for three million dollars because he had to wait ten minutes (three of which he was talking on his cell phone) before being served by the Defendants and because the Defendant employees were rude when conversing with him. The Plaintiff believes that if he were not black, he would have been treated differently.

The Plaintiff did not identify the source of his claim in his complaint, but the Court construed this action as a claim pursuant to 42 U.S.C. § 1981, which addresses racial discrimination in contractual relationships, and as a claim pursuant to 42 U.S.C. § 2000a, which addresses discriminatory denial of access to facilities ostensibly open to the general public. Because the complaint alleged that at least one of the Defendants, Kristen, attempted to take the Plaintiff's order, the Court determined that he did not state a claim under either statute because he was not denied admittance or service. Accordingly, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Judgment was entered on November 14, 2007. On December 10, 2007, the Plaintiff filed a motion to reconsider. The motion simply restates the Plaintiff's allegations, and it emphasizes

the Plaintiff's belief that Pizza Hut has not lived up to its core values and that "[a] white man would not have been treated in such a manor [sic]." (Mot. to Reconsider 2; DE 5.) The motion also states that the Plaintiff was indeed denied service because the Defendant employees threatened to call the police during their exchange. This last contention is incorrect as a matter of law, *see Morris v. Office Max, Inc.*, 89 F.3d 411, 414 (7th Cir. 1996) (statute providing for equal rights to make and enforce contracts by all races was not violated when store employee called police to check into patrons believed to be acting suspiciously), but that is beside the point since the motion does not set forth any proper ground for relief from the final judgment.

Because the Plaintiff's request for reconsideration was filed more than ten days after entry of judgment, the Court must consider it as a motion for relief under Federal Rule of Civil Procedure 60(b) rather than as a motion filed pursuant to Federal Rule of Civil Procedure 59(e). Rule 60(b) provides relief from judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Plaintiff's motion does not seek relief on any of these enumerated grounds. The Plaintiff may be seeking reconsideration on the basis of legal error, but legal error is not one of the grounds for a Rule 60(b) motion.

> In fact, it is a forbidden ground because if permitted it would enable a losing party to appeal outside the time limits for appeals without excuse, since the existence of the error would be apparent from the district court's judgment and thus could

2

have been corrected on appeal within the time allowed for taking appeal.

*Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017–18 (7th Cir. 2002) (citation omitted).

## ORDER

Because the Plaintiff does not present any proper justification for reconsideration under Rule 60(b), the Court **DENIES** his request for reconsideration of its previous opinion and order dismissing the case [DE 5].

SO ORDERED on April 14, 2008.

       s/ Theresa L. Springmann
      THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT
      FORT WAYNE DIVISION